# PETERS BROVNER LLP.

September 15, 2023

Hon. Paul A. Crotty
United States District Judge
United States District Court
  Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Initial Conference Letter for *Austin v. Fordham*, 23-cv-4696

Dear Judge Crotty:

    Along with Defendant Fordham University's ("Fordham" or "Defendant") and Third-Party Defendant Sweeney's counsel we submit this joint letter prior to the initial conference in this case on September 19, 2023, at 3pm and pursuant to Rule 6G of Your Honor's individual rules.  Our answers to the seven requested issues are as follows:

1. *The names and addresses of trial counsel*:
    a. For Plaintiff:  Lesley Brovner & Mark Peters, Peters Brovner LLP, 139 Fulton Street, Suite 132, New York, NY 10038.  917-639-3270. lbrovner@petersbrovner.com & mpeters@petersbrovner.com.
    b. For Defendant:  Jennifer McLaughlin, Ariel Ronneburger and Ryan Soebke, Cullen and Dykman LLP, 333 Earle Ovington Blvd., Uniondale, NY 11553.  516-357-3889. jmclaughlin@cullenllp.com, aronneburger@cullenllp.com and rsoebke@cullenllp.com
    c. For Third-Party Defendant: John M. Murtagh and Denise M. Cossu, Murtagh, Cossu, Venditti & Castro-Blanco, LLP, 222 Bloomingdale Road White Plains, NY 10605 (914) 288-9595. jmurtagh@mcvclaw.com; dcossu@mcvclaw.com



ADDRESS PHONE EMAIL WEBSITE

139 Fulton St. Suite 132, NYC 10038
917-639-3270
mpeters@petersbrovner.com
lbrovner@petersbrovner.com
petersbrovner.com

2. *A brief description of the case including the factual and legal basis for the claims and defenses*:  Plaintiff alleges that in 2011, he was raped by his roommate Patrick Sweeney while both were students at Defendant's school and living in the on-campus dorm room that Defendant insisted they both live in.  The rape occurred in that dorm room.  Plaintiff further alleges that he was subsequently re-assaulted by Patrick Sweeney on a second occasion, also on Defendant's campus.  Plaintiff further alleges that Defendant was aware of the danger that Sweeney posed to plaintiff prior to the rape and nonetheless insisted that they remain roommates even after Plaintiff explained the threats Sweeney had made to him and even after the Naval ROTC program – to which both Plaintiff and Sweeney belonged – recommended a room change for Plaintiff after Sweeney had physically assaulted plaintiff.  Plaintiff further alleges that even after he reported the rape to Defendant, Defendant failed to take any action and as a result plaintiff was sexually assaulted a second time by Sweeney.  Defendant denies these allegations.  The legal basis for the claims are common law negligence and the Adult Survivors Act.

   Assuming the alleged facts are true, a point which Fordham does not concede, it is Fordham's position that a university does not have a general legal duty to shield students from unanticipated activities of other students, that it did not have prior notice of Patrick Sweeney's alleged propensity to commit sexual assault, and, as a result, no duty arose to protect Plaintiff from harm.   As such, Fordham cannot be held liable under any of Plaintiff's negligence theories.  Should Plaintiff ultimately obtain a verdict or judgment against Fordham, it is Fordham's position that any injury to Plaintiff was caused by the negligent, reckless, or intentional acts of Patrick Sweeney and, as a result Fordham is entitled to indemnification or contribution from Patrick Sweeny for all or part of any judgment against Fordham.

   Third-Party Defendant has not yet interposed his Answer. However, Third-Party Defendant unequivocally denies the truth of Plaintiff's underlying substantive allegations including assault and related conduct and, further, denies the substantive allegations of the Third-Party Complaint interposed by Defendant, Fordham University.

3. *A brief statement of the jurisdiction of this case*:  The basis of jurisdiction is the diversity of the parties pursuant to 28 U.S.C. Section 1332 and the fact that the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. *A brief summary by each party of the claims & defenses that that party has asserted which remain to be tried without recital of evidentiary matter but including citations to all statutes relied on*:
   a. For plaintiff:  Plaintiff's first cause of action is for common law negligence; Plaintiff's second cause of action is for common law negligent supervision of property; Plaintiff's third cause of action is for common

      law negligent failure to maintain safe programs and activities; Plaintiff's fourth cause of action is for common law negligent failure to provide effective security.  All of these claims are timely under New York State's Adult Survivors Act (CPLR 214-j).

    b.  For defendant:  Fordham asserts that it did not have prior notice of Patrick Sweeney's alleged propensity commit sexual assault, and that at no time during the purported events, did Plaintiff put Fordham on notice of any of the alleged assaults. Thus, no duty arose to protect Plaintiff from harm and Fordham cannot be held liable under any negligence theories propounded by Plaintiff. Moreover, Fordham asserts that any injury to Plaintiff was caused by the negligent, reckless, or intentional acts pf Patrick Sweeney, for which Fordham has no liability, and for which Fordham is entitled to indemnification or contribution from Patrick Sweeney for all or part of the judgment.

    c.  For Third-Party Defendant:  Third-Party Defendant unequivocally denies the truth of Plaintiff's underlying substantive allegations including assault and related conduct and, further, denies the substantive allegations of the Third-Party Complaint interposed by Defendant, Fordham University.

5. *Any contemplated motions*:  Plaintiff may move to amend the Complaint to include a claim under New York City's Victims of Gender-Motivated Violence Protection Act, NYC Ad. Code. Title 9.  Plaintiff will make such motion, if at all, within 30 days.  No motions contemplated at this time for Defendant.   The parties reserve the right to motion practice as information is learned through discovery.  None at this time for Third-Party Defendant subject to information learned through discovery.

6. *A statement by each party as to whether the case is to be tried with or without a jury and the number of trial days needed*:  For plaintiff, a jury trial taking seven days for the case in chief.  For Defendant a jury trial with four days needed.  For Third-Party Defendant, a jury trial with four days needed.

7. *A statement as to whether or not all parties have consented to trial of the case by a Magistrate Judge*:  The parties have not all consented to a trial by a Magistrate Judge.

Thank you for your attention to this matter.

                                Respectfully submitted,

                                PETERS BROVNER LLP

                                By: ___/s/_____
                                    Mark G. Peters
                                    Lesley Brovner

cc: All parties via ECF
(Encl.)