

January 24, 2024

By ECF
Hon. Paul A. Crotty
United States District Judge
United States District Court
    Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Austin v. Fordham*, 23-cv-4696:  Request for Discovery Conference

Dear Judge Crotty:

Along with Emery Celli Brinckerhoff Abady Ward & Maazel LLP, we represent Plaintiff Frank Austin in the above captioned matter.  We write to request a discovery conference with Your Honor to resolve certain disputes relating to a proposed confidentiality order that the parties were not able to resolve on their own through a meet-and-confer call.

Background:

In this case, Plaintiff alleges the following:  He was raped by his roommate, Third-Party Defendant Patrick Sweeney, while both were students at Defendant Fordham University and living in the on-campus dorm room that Defendant insisted they both live in.  The rape occurred in that dorm room.  Plaintiff was subsequently re-assaulted by Sweeney on a second occasion, also on Defendant's campus.  Defendant was aware of the danger that Sweeney posed to plaintiff prior to the rape and nonetheless insisted that they remain roommates even after Plaintiff explained the threats Sweeney had made to him and even after the Naval ROTC program – to which both Plaintiff and Sweeney belonged – recommended a room change for Plaintiff after Sweeney had physically assaulted



ADDRESS  139 Fulton St. Suite 132, NYC 10038
PHONE    917-639-3270
EMAIL    mpeters@petersbrovner.com
         lbrovner@petersbrovner.com
WEBSITE  petersbrovner.com

Plaintiff. Indeed, even after he reported the rape to Defendant, Defendant failed to take any action and as a result Plaintiff was sexually assaulted a second time by Sweeney.

Plaintiff did not sue Sweeney in this matter. However, Defendant Fordham subsequently sued Sweeney as a Third-Party Defendant and so Sweeney is now part of this case for purposes of discovery.

The Confidentiality Order:

The parties are presently in the process of document discovery and some documents (most notably medical records) will require a confidentiality order prior to production. The parties do not dispute this basic proposition.

A dispute does exist, however, regarding the treatment of certain, highly sensitive medical records, including psychological records, that Plaintiff does not want Sweeney – his alleged rapist – to personally view. Plaintiff has several reasons to seek to restrict review of these records to Sweeney's counsel and not to Sweeney himself. To begin with, there is Sweeney's repeated abuse of Plaintiff – including prior misuse of Plaintiff's medical records. For example, Sweeney had possession of Plaintiff's NROTC medical records in his role at NROTC but then improperly retained those records, reviewed them and used them to threaten Plaintiff, telling Plaintiff, falsely, that the medical records demonstrated that he was not fit to be part of NROTC. Given that gross misuse of Plaintiff's records in the past, we have no confidence that Sweeney will respect Plaintiff's records this time. Further, as noted above, Plaintiff did not name Sweeney in his lawsuit and Sweeney is only a party because Defendant Fordham brought him into the suit as a Third-Party Defendant. Thus, Plaintiff did not bring Sweeney into this Court and should therefore be allowed to keep him from personally viewing certain highly sensitive records. Given these concerns, Plaintiff proposed an "Attorneys Eyes Only (AEO)" provision that would require that for this limited subset of records, Sweeney's attorney, but not Sweeney, could view the records. The AEO provision does not preclude any designated documents' full and free use at deposition or trial. A copy of Plaintiff's proposed confidentiality order with the AEO provision is attached to this letter.

There is sound legal authority for such an AEO provision. Indeed, courts in the Second Circuit routinely allow or order a party's sensitive medical records and information to be designated AEO. *See, e.g., United States v. Marte*, No. 16 CR. 740 (GHW), 2021 WL 1164774, at *1 (S.D.N.Y. Mar. 25, 2021) (court-ordered protective order listing "information related to medical issues, including records potentially protected by [HIPAA]," as "Attorneys' Eyes Only Material"); *Castrillon v. Ben-Amun Co.,* No. 1:19-CV-09228-RA-OTW, 2020 WL 1067481, at *1 (S.D.N.Y. Mar. 5, 2020) (court-ordered confidentiality order listing "personal health or medical information" as material that may be designated "Confidential – Attorneys' Eyes Only"); *Doe v. Delta Airlines, Inc.,* No. 13 CIV. 6287 PAE, 2015 WL 798031, at *2 (S.D.N.Y. Feb. 25, 2015) (ordering plaintiff to produce medical records and releases "on an attorneys'-eyes-only basis"); *Kiczuk v. United States,* No. 3:21-CV-707 (KAD), 2022 WL 100158, at *5 (D. Conn. Jan. 11,

2

2022) (ordering designation of documents containing plaintiff's medical information "Confidential-Attorneys Eyes Only").

Despite the above authority, and despite the fact that we are dealing with the provision of sensitive medical records to a victim's alleged rapist who Plaintiff did not name or assert claims against but was only brought into this matter by Defendant Fordham, Defendant and Third-Party Defendant have refused to agree to the AEO provision. We therefore now seek the Court's intervention to allow us to resolve this matter so that discovery in this case can proceed expeditiously and on the timeline set out in this Court's Revised Case Management Order.

Thank you for your attention to this matter.

Respectfully submitted,

PETERS BROVNER LLP

By: ___/s/_____
    Lesley Brovner
    Mark G. Peters

cc:  All parties via ECF
(Encl.)