**MURTAGH, COSSU, VENDITTI, & CASTRO-BLANCO, LLP**
**ATTORNEYS AT LAW**
**222 BLOOMINGDALE ROAD, SUITE 202**
**WHITE PLAINS, NEW YORK 10605**
**(914) 288-9595**
**Fax (914) 288-0850**

January 24, 2024

Honorable Paul A. Crotty
United States District Court
500 Pearl Street
New York, NY 10007

### Austin v. Fordham, 23-cv-4696 (PAC)

Your Honor:

We represent the Third-Party Defendant, Patrick Sweeney, and write in response to Plaintiff Francis Austin's letter of this date requesting a discovery conference. We join in that request.

Austin asserts that thirteen years ago our client sodomized and sexually assaulted him on two separate occasions, when both were Naval Reserve students at Fordham University. Our client who retired in 2022 with the rank of Captain in the United States Marine Corp., after bravely serving this country for nine years with an unblemished record, categorically denies these disgusting and salacious allegations.

Nearly two months ago, we advised Austin's counsel that we were prepared to enter into a Confidentiality Agreement allowing the parties to designate appropriate documents as confidential. However, Austin insisted that he be able to designate certain as yet undetermined documents, believed to be medical records, as "Attorneys Eyes Only" ("AEO"]. Per Plaintiff's counsel, this designation, however, would unfairly apply only to our client. As a result, to date, Plaintiff has produced no records nor any HIPPA Authorizations, thus delaying discovery.

We submit that the demanded restriction is unnecessary as the terms of the proposed Confidentiality Agreement, alone, appropriately protect these records. The AEO designation Austin's counsel demands would unfairly handicap this firm's ability to work with and defend our

1

client against the Plaintiff's lurid accusations. It is crucial for our client to have the ability to review records in order to understand and dispute Austin's allegations. Our client is, quite literally, the only individual capable of identifying falsehoods, inconsistencies and outright errors in Austin's account of their interactions.

Given the terms of the proposed Confidentiality Agreement, counsel proffers no justification for the "Attorney's Eyes Only" restriction. Austin has placed his physical, medical, and psychological condition in issue by virtue of commencing this litigation. Having affirmatively done so, he has waived any privilege attached to his records. Watt v. Avalonbay Communities, Inc. 2023 U.S. Dist. LEXIS 140536 (E.D.N.Y. 8/11/23); Laurent v. G & G Bus. Serv. 2011 U.S. Dist. LEXIS (S.D.N.Y. 5/17/11). On that basis alone the AEO designation is unjustified.

Austin disingenuously protests that he did not sue our client directly and that our client has only been brought in by Fordham as a third-party defendant. However, he cannot credibly claim, having specifically identified our client as his alleged rapist, that he is surprised that our client is now a party to this case.

The cases relied upon by Plaintiff as "sound legal authority for such an AEO provision" are inapposite and have no precedential or persuasive authority here. *United States v. Marte*, No.16 CR. 740 (GHW), 2021 WL 1164774 (S.D.N.Y. 3/25/21) involved the medical records of a non-party victim in a criminal case. *Castrillon v. Ben-Amun Co.*, No 1:19-cv-09228 (RA)(OTW) 2020 WL 1067481 (S.D.N.Y. 3/5/20), unlike this case, involved a court order entered with the consent of all parties. The records sought in *Doe v. Delta Airlines, Inc.* No.13-cv-6287 (PAE) 2015 WL 798031 (S.D.N.Y. 2/25/15) were found to bear on damages only, not, as here, the potentially going to the veracity of the underlying allegations themselves. *Kiczuk v. United States*, No.3:21-cv-707 (KAD) 2022 WL 100158 (D. Conn. 1/11/22) involved an action seeking refunds of overpayments

2

of federal income tax There, the Court denied Plaintiff's request to quash a subpoena for medical records related to the underlying disability claim, but designated the records "attorneys eyes only." Clearly, the nature of that case is easily distinguishable from this case where the records in question go directly to the heart of the allegations made against our client.

Finally, Austin asserts – without any factual basis – that his demand is justified by our client's purported "gross misuse" of his medical records when they were students. Not only is that assertion also vehemently denied, but such concern is, in any event, mooted by an appropriate Confidentiality Agreement, without an AEO designation.

In sum, Austin's attempt to hamstring our ability to challenge his narrative and adequately defend against his specious allegations should not be countenanced by this Court.

We do, however, agree that a conference is necessary as there are additional discovery issues to be addressed. Austin's Interrogatory Responses list no less than twenty-one witnesses. However, only names are provided whereas F.R.C.P. 26 requires that disclosure be made of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Local Rule 26.3 defines "Identify (with respect to persons)" as meaning "to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment." Plaintiff's responses. providing bare names without any of the additionally required information, are wholly inadequate and need be addressed by the Court.

Respectfully,

John M. Murtagh

JMM/ws
cc: All Counsel via ECF