**MURTAGH, COSSU, VENDITTI & CASTRO-BLANCO, LLP**
ATTORNEYS AT LAW
222 Bloomingdale Road, Suite 202
White Plains, New York 106054
Tel:(914) 288-9595
Fax: (914) 288-0850

**John M. Murtagh**
E-mail: jmurtagh@mcvclaw.com
Direct Dial: (914) 831-6239

*Service Not Accepted by Fax or e-mail*

February 6, 2024

Honorable Gary Stein
Magistrate Judge
United States District Court
500 Pearl Street
New York, NY 10007

<u>**Austin v. Fordham, 23-cv-4696 (PAC) (GS)**</u>

Your Honor:

  We represent the Third-Party Defendant, Patrick Sweeney. The parties have met and conferred, as directed by the Court, in an effort to resolve certain issues raised in the undersigned's letter to Judge Crotty of January 24, 2024 with regard to Plaintiff's disclosure of witnesses. As requested by Your Honor, we write jointly with Plaintiff as to the status of the parties' discovery dispute.

  We can report that some progress was made and Plaintiff supplemented his F.R.C.P. 26(e) disclosure by letter on February 2, 2024. Nevertheless, one issue remains unresolved. Plaintiff has included five non-party damages witnesses in his supplemental disclosures: Plaintiff's father, mother, sister, brother, and husband (the "Family Member Witnesses"). Plaintiff has declined to provide these five witnesses' personal telephone numbers and addresses in his Rule 26 disclosures. Instead, Plaintiff has referred to Plaintiff's counsel as the contact for the Family Member Witnesses by indicating: "c/o Peters Brovner LLP and Emery Celli Brinkerhoff Abady Ward & Mazel LLP."

1

Plaintiff's position is that Plaintiff's disclosure of Plaintiff's counsel as the point of contact for the Family Member Witnesses satisfies Federal Rule of Civil Procedure 26(a)(1)(A)(i), which requires a party to provide, in relevant part, "the name and, if known, the address and telephone number of each individual likely to have discoverable information." This rule is concerned with the disclosure of "the identity of those persons who may be used by [a party] as witnesses or who, if their potential testimony were known, might reasonably be expected to be deposed or called as witnesses by any of the other parties." Fed. R. Civ. P. 26(a)(1)(A) Advisory Committee's Note (1993). Here, Plaintiff's counsel represents the Family Member Witnesses for the purposes of their testimony in this case. Accordingly, Plaintiff identified each of the Family Member Witnesses by name, provided a description of the subjects of the discoverable information each witness has, and referred to Plaintiff's counsel as the point of contact for the Family Member Witnesses. Third-Party Defendant is therefore aware of the identities of the Family Member Witnesses, the subject of the information they possess, and has contact information for the Family Member Witnesses' counsel, which he can use to reach them for any matter, including to effect service of any subpoena. Third-Party Defendant, who allegedly raped Plaintiff, has not provided any explanation for why he needs to "attempt to reach" Plaintiff's husband and other family members using their personal addresses or phone numbers, instead of through their counsel, or why the Family Member Witnesses' personal contact information is necessary to "assist defense counsel in appropriate due diligence" in preparing for depositions. Plaintiff respectfully requests that the Court deny Third-Party Defendant's discovery motion and order Third-Party Defendant to serve any subpoenas on the Family Member Witnesses on their counsel.

It is Third-Party Defendant's position that Plaintiff's witness disclosure does not satisfy the requirements of the Rule. While we acknowledge that it may be unlikely that any of those five

witnesses at issue would be cooperative with defense counsel or their agents if contacted, nevertheless, as they are non-party witnesses, it is certainly within defense counsel's discretion to attempt to reach non-party witnesses and Plaintiff's counsel should not be permitted to engage in such a blatant attempt to insulate and isolate potential witnesses. Moreover, the requested information is also necessary to assist defense counsel in appropriate due diligence necessary to prepare to examine such witnesses either at deposition or at trial. By way of example, even a cursory on-line search identifies no less than twenty-two Eammon Austins, three hundred and twenty-eight Erin Austins and over one thousand John Austins across the United States. Without the most basic identifying information required by the Rule, Third-Party defense counsel will be precluded from even the most rudimentary investigation of potential witnesses.

As with the other issue before the Court, the Plaintiff's effort to prevent the Third-Party defendant from seeing documents, Plaintiff should not be permitted to hamstring the Third-Party's defense against a claim of rape by engaging in a game of hide-the-ball at every turn in discovery. We submit that Plaintiff has offered no legitimate reason for withholding the required information and, therefore, request that he be directed to do so.

Respectfully,

John M. Murtagh

JMM/ws

cc: All Counsel via ECF