UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
FRANCIS AUSTIN,                                          :
                                                        :
                              Plaintiff,                 :
                                                        :        23 Civ. 4696 (PAC) (GS)
              - against -                                :
                                                        :              ORDER
FORDHAM UNIVERSITY,                                      :
                                                        :
                              Defendant.                 :
                                                        :
-----------------------------------------------------------------:
FORDHAM UNIVERSITY,                                      :
                                                        :
                              Third-Party Plaintiff,     :
                                                        :
              - against -                                :
                                                        :
PATRICK SWEENEY,                                         :
                                                        :
                              Third-Party Defendant.     :
--------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

By letter dated April 2, 2024, the parties jointly requested that the Court "so order" a proposed Stipulation and Order pursuant to the Federal Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g(b).  (Dkt. No. 53).  The proposed Stipulation and Order would authorize Defendant Fordham University ("Fordham") to answer two Interrogatories propounded by Plaintiff Francis Austin ("Austin"). The Interrogatories ask Fordham to identify (1) each RA who lived at Fordham's Finlay Hall dormitory ("Finlay Hall") in Fall 2010 to Spring 2012; and (2) each student who resided on the same floor as Austin and Third-Party Defendant Patrick Sweeney ("Sweeney") in Finlay Hall in Fall 2010 and Spring 2011.  (Dkt. No. 53-1).

The parties' request for a judicial order is set against the backdrop of Section 1232g(b) of FERPA, which "directs the Secretary of Education to deny funds to an educational institution that 'has a policy or practice of permitting the release of education records (or personally identifiable information contained therein as defined [elsewhere in the statute]) of students without the written consent of their parents to any individual, agency, or organization.'" *Brown v. City of Oneonta, N.Y., Police Dept.*, 106 F.3d 1125, 1131 (2d Cir. 1997) (quoting 20 U.S.C. § 1232g(b)(1)). Education records under FERPA are defined as "records, files, documents and other materials" that "(i) contain information directly related to a student," and "(ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. § 1232g(a)(4)(A).

FERPA allows for the disclosure of students' education records if "such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution." 20 U.S.C. § 1232g(b)(2)(B). "Thus, courts have found that FERPA does not prevent the disclosure of students' educational records in connection with discovery in a case." *Metcalf v. Yale Univ.*, No. 15 Civ. 1696 (VAB), 2017 WL 627423, at *4 (D. Conn. Feb. 15, 2017).

Under these provisions, an educational institution "would not be subject to sanctions for disclosure of education records covered by FERPA when such disclosure was made pursuant to a judicial order." *Ragusa v. Malverne Union Free*

*School Dist.*, 549 F. Supp. 2d 288, 291-92 (E.D.N.Y. 2008) (citation omitted).  It is

understandable, therefore, why Fordham would seek the protection of a judicial

order under Section 1232g(b)(2) before producing the requested records to Austin.

But the mere fact that the parties to a civil lawsuit have agreed to disclosure of

education records is an insufficient basis for a court to issue such an order.  *See Doe*

*v. Univ. of Tennessee at Chattanooga*, No. 1:21-CV-00005-DCLC-SKL, 2021 WL

6327693 (E.D. Tenn. July 27, 2021) (declining to issue agreed-upon proposed order

where parties failed to address prerequisites for disclosure under FERPA).

>   Rather, as courts in this Circuit and elsewhere have repeatedly held:

> The inquiry . . . does not end there because the "privacy violations"
> that result from any disclosure of FERPA-protected education records
> are "no less objectionable simply because release of the records is
> obtained pursuant to judicial approval unless, before approval is given,
> the party seeking disclosure is required to demonstrate a genuine need
> for the information that outweighs the privacy interests of the
> students."

*Ragusa*, 549 F. Supp. 2d at 292 (quoting *Rios v. Read*, 73 F.R.D. 589, 597 (E.D.N.Y.

1977)); *see also, e.g.*, *Marseet v. Rochester Inst. of Tech.*, No. 20-CV-7096FPG, 2023

WL 1097969, at *2 (W.D.N.Y. Jan. 30, 2023) ("'in light of the privacy concerns

embodied in FERPA, courts have imposed a higher burden on litigants moving to

compel the disclosure of educational records' that requires the litigant 'to

demonstrate a genuine need for the information that outweighs the privacy interest

of the students'") (quoting *Stellwag v. Quinnipiac Univ.*, No. 3:09-CV-1031 (AWT),

2010 WL 4823355, at *1 (D. Conn. Nov. 18, 2010)); *Doe*, 2021 WL 6327693, at *2;

*Daywalker v. Univ. of Texas Med. Branch at Galveston*, No. 3:20-cv-00099, 2021 WL

4099827, at *3 (S.D. Tex. Sept. 9, 2021); *Banks v. Baraboo School Dist.*, 2020 WL
5751415, at *4 (W.D. Wisc. Sept. 25, 2020).

The parties here have not attempted, either in their joint letter or in the
proposed Stipulation and Order, to make the requisite showing that Austin's
"genuine need" for the information requested in the relevant Interrogatories
"outweighs the privacy interest of the students" whose identities would be released.
Austin merely states that his position is that "the information sought in Plaintiff's
Interrogatories is relevant and not subject to FERPA's protections." (Dkt. No. 53 at
1). "Fordham disagrees" with these points. (Dkt. No. 53-1 at 2). In the interest of
expediting the exchange of information in discovery, however, the parties have
agreed upon a process to comply with FERPA as set forth in the proposed
Stipulation and Order. (Dkt. No. 53 at 1).

Despite the failure of the parties to make the requisite showing necessary for
a judicial order to issue under Section 1232g(b)(2), the Court believes it is equipped
to now decide this issue based on the nature of the information sought in the
Interrogatories and the Court's familiarity with the allegations and claims in this
case. (*See* Dkt. No. 46 (Opinion & Order resolving prior discovery dispute)).

This case involves allegations that Sweeney violently raped Austin while they
were second-year students at Fordham living together as roommates in Finlay Hall.
(Dkt. No. 28 ¶¶ 17-22). The rape allegedly occurred in February 2011. (*Id.* ¶ 20).
Austin also alleges that, "[f]or months prior to the rape," Sweeney repeatedly
verbally and physically threatened Austin, and that Sweeney "was not quiet about

these threats." (*Id*. ¶¶ 18, 20). Austin claims that in December 2010, he spoke with, and provided a written report to, his Resident Advisor (RA) about Sweeney's threats. (*Id*. ¶¶ 31-32). Austin further alleges that during the following academic year, in May 2012, Sweeney sexually assaulted him again, this time in Fordham's Keating Hall (an academic building). (*Id*. ¶ 40).

As noted above, the Interrogatories in question ask Fordham to identify (1) the RAs in Finlay Hall during the two academic years when the alleged rape, sexual assault, and threats took place, and (2) the students who lived on the same floor as Austin and Sweeney during the academic year when the alleged rape (and preceding) threats took place. These Interrogatories seek information that is clearly relevant to Austin's claims. Both the RAs and the students may be witnesses with important information to share about the events in question. Especially since those events took place more than a decade ago, Austin has a genuine need to identify these individuals. Moreover, his requests are narrowly tailored and require Fordham only to identify the students' names and present or last known addresses, rather than to produce any of their student records. (*See* Dkt. No. 53-1 at 2). As such, the Interrogatories impinge only modestly upon the students' privacy interests.

I therefore find that there is a genuine need for the information sought by Austin's Interrogatories that outweighs the privacy interest of the students involved. *See, e.g.*, *Liplan v. Univ. of Michigan*, Case No. 18-13321, 2020 WL 2513082 (E.D. Mich. May 15, 2020) (granting plaintiff's request for Section

1232g(b)(2)(B) order authorizing answer to interrogatory seeking disclosure of the names of witnesses contacted or interviewed in connection with university's investigation into plaintiff's sexual harassment allegations); *Craig v. Yale Univ. School of Medicine*, No. 3:10 CV 1600 (JBA), 2012 WL 1579484 (D. Conn. May 4, 2012) (granting plaintiff's request for Section 1232g(b)(2)(B) order authorizing disclosure of the names and personnel files of other medical school residents who did not graduate from plaintiff's same program or were the subject of discipline).

Consistent with the provisions of Section 1232g(b)(2)(B), the proposed Stipulation and Order provides for the students in question to be given advance notice and an opportunity to object, prior to any disclosure. (Dkt. No. 53-1 at 2). The proposed Stipulation and Order also provides for the names and addresses of the students to be treated as Confidential Discovery Material under the terms of the Stipulation and Protective Order, dated March 11, 2024, previously entered in this case. (*Id.*; *see* Dkt. No. 50).

Accordingly, having found that the requirements for a judicial order pursuant to Section 1232g(b)(2) of FERPA have been satisfied, the Court hereby grants the parties' request and will sign the proposed Stipulation and Order.

DATED:    New York, New York
          April 4, 2024

_____
GARY STEIN
United States Magistrate Judge

6