EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

**MEMO ENDORSED**

June 20, 2024

Third-Party Defendant Sweeney's response to the matters raised in this letter is due by Monday, June 24, 2024.  The Court will hold a discovery dispute conference call via Microsoft Teams on Tuesday, June 25, 2024 at 3:30 p.m.

**Via ECF**

Hon. Gary Stein
United States District Court
Southern District of New York
500 Pearl Street, Room 702
New York, New York 10007

SO ORDERED.

Dated: June 21, 2024
New York, New York

Gary Stein
United States Magistrate Judge
Southern District of New York

Re:   *Austin v. Fordham Univ.*, No. 23 Civ. 4696 (JLR) (GS)

Dear Judge Stein:

      This firm, along with Peters Brovner LLP, represents Plaintiff Francis Austin in the above-referenced action.  We write pursuant to Federal Rule of Civil Procedure 26(c), Local Civil Rule 37.2, and the Court's Individual Civil Rule II(c), to request an emergency ruling on or, if necessary, a pre-motion conference regarding an urgent discovery dispute that has arisen between Mr. Austin and Third-Party Defendant Patrick Sweeney regarding Mr. Sweeney's proposed in-person attendance at Mr. Austin's deposition.  Because Mr. Austin's deposition is scheduled for July 2, 2024, and he will be traveling from out of state to attend his deposition, we respectfully request that the Court hear Mr. Austin's motion in advance of the July 2 deposition.

      In this case, which Mr. Austin brings against Defendant Fordham University ("Fordham"), Mr. Austin alleges that Fordham failed to protect Mr. Austin from Mr. Sweeney, who violently raped and sexually assaulted Mr. Austin at Fordham.  *See generally* Am. Compl., Dkt. 28.  On June 13, 2024, Mr. Austin requested in writing that, consistent with the cases provided below limiting alleged sexual abusers from attending their survivors' depositions in-person, Mr. Sweeney observe Mr. Austin's deposition remotely, via a live one-way audio or video feed.  On June 19, 2024, Mr. Sweeney rejected Mr. Austin's request and insisted, without providing any legal authority for his position, that he will attend Mr. Austin's deposition in-person "[u]nless otherwise ordered by the Court."  Earlier today, counsel for Mr. Austin and Mr. Sweeney met and conferred on the phone, where Mr. Sweeney's counsel again failed to provide any legal basis for his client's position and restated that Mr. Sweeney would attend Mr. Austin's deposition in-person unless the Court ordered otherwise.

***Mr. Austin Is Entitled to a Protective Order Prohibiting Mr. Sweeney from Appearing In-Person at Mr. Austin's Deposition***

      Pursuant to Federal Rule 26(c)(1)(E) and consistent with cases from within the Second Circuit and beyond, the Court should issue a protective order prohibiting Mr. Sweeny from attending Mr. Austin's deposition in-person, and instead allowing Mr. Sweeney to attend remotely via live one-way audio or video transmission.

      The Court has broad discretion, for good cause shown, to issue an order protecting any party from oppression, embarrassment, or undue burden, including by "designating the persons

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(E). Applying this rule, the Second Circuit has long held that "[c]ircumstances of a deposition may be governed by the court's protective order" and a district court "may order that 'discovery be conducted with no one present except persons designated by the court.'" *Gabella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973) (citing Fed. R. Civ. P. 26(c)). Accordingly, the "presumption of a party's presence [at a deposition] is not an inflexible rule . . . and the court may determine on a case-by-case basis how to balance competing interests of the parties and others." *Creditsights, Inc. v. Ciasullo*, No. 05 Civ. 9345, 2009 WL 3817288, at *1 (S.D.N.Y. Nov. 10, 2009) (citing *Gallela*, 487 F.2d at 997).

Courts have recognized the need to limit an individual party's deposition attendance to protect against emotional harm and intimidation at a witness's deposition in cases where the witness fears the party, including in cases where the party allegedly assaulted or sexually harassed the witness. *See, e.g.*, *Powell v. Allied Universal Sec. Serv.*, No. 17 Civ. 6133, Dkt. 59 (E.D.N.Y. Sept. 26, 2018) (granting plaintiff's motion for a protective order in sexual harassment suit; prohibiting defendants from attending plaintiff's deposition in-person); *Creditsights, Inc.*, 2009 WL 3817288, at *2 (granting non-party witness's motion for a protective order; prohibiting defendant from attending witness's deposition in-person where witness previously had an order of protection against the defendant); *Garey v. Anderson*, No. 22 Civ. 69, 2023 WL 11065857, at *2 (E.D. Wash. Mar. 22, 2023) (granting plaintiff's motion for a protective order in case involving sexual assault on college campus, noting that the plaintiff's "testimony may be hindered by anxiety and panic attacks due to [her] knowledge of [the defendant abuser's] presence," and prohibiting defendant "from attending Plaintiff's depositions in any manner"); *DeLuca v. Gateways Inn, Inc.*, 166 F.R.D. 266, 267 (D. Mass. 1996) (precluding defendant in sexual harassment action from attending deposition and reasoning that the defendant's presence, "whether deliberately or not," had the potential "to embarrass and intimidate the plaintiff").[1]

For example, in *Powell*, the plaintiff (who was represented by our firm) moved for a protective order prohibiting the individual defendants—who had allegedly sexually harassed the plaintiff—"from being present in the room during [the plaintiff's] deposition" and proposed that the defendants instead participate remotely via phone or videoconference. No. 17 Civ. 6133, Dkt. 59 at 1-3. Magistrate Judge Bulsara noted that the defendants' alleged harassment of plaintiff provided "context for the fear that [the plaintiff] alleges she has of being in the same room as the Defendants, and suggests to the Court that it may inhibit her ability to testify." *Id.* at 3. Because the defendants: (1) failed to articulate any reason why they "need[ed] to be physically present in the same room during the deposition"; (2) "would be permitted to hear real-time audio or video of the deposition"—an accommodation commonly used "to deal with the impracticality of having everyone with an interest in the case being present in the same room at the same time"; and (3) would be able to "communicate with their counsel during breaks and take other measures to prepare for the deposition," Judge Bulsara found that the plaintiff had

---

[1] *See also Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4-5 (D.D.C. 2008) (barring defendants from attending plaintiff's deposition where plaintiff feared the defendants and would experience severe stress if forced to face them); *Harris v. City of Phoenix*, No. 20 Civ. 78, 2021 WL 5908209, at *2 (D. Ariz. Dec. 13, 2021) (prohibiting plaintiff from attending defendant's deposition in-person and instead permitting plaintiff to observe via Zoom).

established good cause for a protective order prohibiting defendants from attending the plaintiff's deposition in-person and granted the plaintiff's motion. *Id.* at 2-4.

*Powell*'s reasoning is equally applicable here. Mr. Austin alleges that Mr. Sweeney repeatedly threatened to assault and rape Mr. Austin and then violently raped and sexually assaulted him. Mr. Sweeney's sexual assaults of Mr. Austin have caused Mr. Austin to suffer, among other symptoms, "severe and crippling Post-Traumatic Stress Disorder," ongoing "suicidal ideations," "frequent and intrusive memories of the rape and subsequent sexual assaults, which are triggered by multiple stimuli and result in uncontrollable sweating and shaking," and "disturbing nightmares related to the rape and subsequent sexual assault." Am. Compl. ¶ 46. "This is the context for the fear" that Mr. Austin has "of being in the same room as" Mr. Sweeney during his deposition, and demonstrates "that it may inhibit [Mr. Austin's] ability to testify." *Powell*, No. 17 Civ. 6133, Dkt. 59 at 2.

Meanwhile, like the defendants in *Powell*, Mr. Sweeney has not offered any explanation for why he personally needs to be in the same room as Mr. Austin during the deposition, or how Mr. Austin's proposal—that Mr. Sweeney attend via live one-way audio or video feed—would hinder Mr. Sweeney's or his counsel's participation. Instead, notwithstanding the Court's power to limit a party's attendance at a deposition, Mr. Sweeney has merely asserted that he intends to attend the deposition in-person because it is his "right" to do so.[2] Mr. Sweeney's remote attendance would give him the ability to observe Mr. Austin's deposition live and consult with counsel throughout the day, while protecting Mr. Austin from the intimidation and severe emotional distress that will result from him having to share a conference room with his rapist for seven hours. *See Harris*, 2021 WL 5908209, at *2 (prohibiting party from attending deposition in-person but permitting his remote attendance, which would "enable[] him to see and hear the deposition as if he were physically present," while "removing the opportunity for any potential intimidation, annoyance, disruption, or distraction"); *Amenduri*, 2012 WL 13172920, at *4 (prohibiting defendants from being "physically present at [plaintiff's] deposition but allowing them "to witness the deposition through a one-way video feed from a remote location").

\* \* \*

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an order in advance of Mr. Austin's July 2, 2024, deposition prohibiting Mr. Sweeney from attending the deposition in-person, and permitting Mr. Sweeney to instead observe via one-way audio or video feed. We thank the Court for its consideration of this request.

Respectfully submitted,

Nick Bourland

---

[2] In this civil suit, Mr. Sweeney does not have a constitutional right to attend Mr. Austin's deposition. *See Amenduri v. Vill. of Frankfort*, No. 11 Civ. 50, 2012 WL 13172920, at *3 n.2 (N.D.N.Y. July 17, 2012) ("The court is unaware of any case holding that a civil litigant has a constitutional right to be present at a deposition taken in the case, and defendant has cited no authority standing for that proposition.").