UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FRANCIS AUSTIN,

                         Plaintiff,

        - against -

FORDHAM UNIVERSITY,

                         Defendant.
------------------------------------------------------------------------:
FORDHAM UNIVERSITY,

                        Third-Party Plaintiff,

        - against -

PATRICK SWEENEY,

                       Third-Party Defendant.
------------------------------------------------------------------------X

**23 Civ. 4696 (JLR) (GS)**

**OPINION & ORDER**

**GARY STEIN, United States Magistrate Judge:**

Plaintiff Francis Austin ("Austin") has filed an emergency letter-motion seeking a protective order prohibiting Third-Party Defendant Patrick Sweeney ("Sweeney") from attending, in person, the upcoming deposition of Austin scheduled for July 2, 2024. (Dkt. No. 60). Sweeney opposes the motion. (Dkt. No. 62). For the reasons set forth below, Plaintiff's motion is **GRANTED** on the conditions described herein.

## BACKGROUND

The Court previously recounted the allegations in this action in its Opinion & Order dated February 23, 2024 (Dkt. No. 46), familiarity with which is presumed.

In brief, Austin has sued Defendant Fordham University ("Fordham"), alleging that Sweeney violently raped and sexually assaulted Austin in separate incidents in February 2011 and May 2012, when the two were undergraduate students at Fordham, and that Fordham failed to protect Austin from these attacks. (*Id*. at 2 citing Dkt. No. 28 ("Amended Complaint" or "Am. Compl." ¶¶ 1, 17, 20-22, 40)). Fordham has impleaded Sweeney as a Third-Party Defendant. (*Id*. at 3). Sweeney denies assaulting Austin and describes Austin's allegations as "outrageous." (*Id*. at 4; Dkt. No. 62 at 2).

Austin's Amended Complaint alleges he has suffered a myriad of physical, sexual, and psychological injuries due to Sweeney's purported rape and sexual assault of him. (Dkt. No. 46 at 2-3 (citations omitted)). Austin's emotional and psychological injuries allegedly include Post-Traumatic Stress Disorder ("PTSD"), which manifests itself in, *inter alia*, disturbing nightmares and difficulties maintaining relationships; Major Depressive Disorder, with symptoms such as suicidal ideation and suicide attempts and feelings of despair, emptiness, and shame; alcohol abuse; and anorexia nervosa resulting in extreme weight loss. (*Id*. at 3 (citing Am. Compl. ¶¶ 45-49)).

## LEGAL STANDARDS

Under Fed. R. Civ. P. 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order," which the Court may issue, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Among the relief available under Rule

26(c) is an order "designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(e). Under this provision, "the court has the power to exclude even a party" from a deposition, "although such an exclusion should be ordered rarely indeed." *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973). "The grant and nature of protection is singularly within the discretion of the district court." *Id.*; *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (district courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required").

"The party seeking a protective order has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (citation omitted). "Good cause is established by 'demonstrating a particular need for protection.'" *Flores v. Stanford*, No. 18 Civ. 2468 (VB) (JCM), 2021 WL 4441614, at *4 (S.D.N.Y. Sept. 28, 2021) (quoting *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010)). "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." *Id.* (cleaned up). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Duling*, 266 F.R.D. at 71 (citation omitted). Although the burden is on the movant to establish good cause, "'the court ultimately weighs the interests of both sides in fashioning an order.'" *Flores*, 2021 WL 4441614, at *4 (quoting *Duling*, 266 F.R.D. at 71).

## DISCUSSION

"[I]n most cases a party whose attorney is conducting the deposition is allowed to be present." *Creditsights, Inc. v. Ciasullo*, No. 05 Civ. 9345 (DAB) (MHD), 2009 WL 3817288, at *1 (S.D.N.Y. Nov. 10, 2009). This allows "the attorney to consult with his client" and the client to "meaningfully assist the attorney in follow-up questioning and assessment of the witness." *Id.* The "presumption of a party's presence" is not, however, "an inflexible rule," and "the court may determine on a case-by-case basis how to balance competing interests of the parties and others." *Id.* "The proven and predictable potential for emotional harm to a deponent can provide a basis to exclude from deposition appearances otherwise entitled to attend." *Ameduri v. Village of Frankfort*, No. 6:11-CV-0050 (MAD) (DEP), 2012 WL 13172920, at *3 (N.D.N.Y. July 17, 2012).

Austin argues that he will suffer "severe emotional distress" if he is required during his deposition to share a conference room for seven hours with Sweeney, his alleged rapist. (Dkt. 60 at 3). As support for this claim, Austin cites his allegations in the Amended Complaint that, as a result of Sweeney's alleged sexual assaults, he is suffering from "severe and crippling" PTSD, "ongoing suicidal ideation," and memories of the assaults that are "triggered by multiple stimuli and result in uncontrollable sweating and shaking." (*Id.*) (cleaned up). Austin's fear of Sweeney, Austin argues, may intimidate him and "inhibit [his] ability to testify." (*Id.*) (citation omitted).

In analogous circumstances, a number of courts in this Circuit and elsewhere have issued protective orders excluding a party (or a party's representatives) from attending a deposition in person where the witness claimed to have been assaulted or abused by the party. *See Powell v. Allied Universal Sec. Serv.*, No. 17 Civ. 6133 (ARR) (SJB), Dkt. No. 59 at 2 (E.D.N.Y. Sept. 26, 2018) (finding good cause to exclude individual defendants who allegedly subjected plaintiff-deponent to "a campaign of discrimination, hazing, and abuse"); *Ameduri*, 2012 WL 13172920 at *1-3 (finding good cause to exclude defendant who allegedly assaulted plaintiff-deponent, who claimed defendant's presence could exacerbate his PTSD and leave a devastating psychological impact); *Creditsights*, 2009 WL 3817288, at *2 (finding good cause to exclude defendant where "there is no question that the witness strongly desires not to be in the same room with the defendant" and "prior issuance of an order of protection on her behalf" against defendant "offers some heft to her concerns"); *Garey v. Anderson*, No. 2:33-CV-0069-TOR, 2023 WL 11065857, at *2 (E.D. Wash. Mar. 22, 2023) (finding good cause to exclude defendant who had sexually assaulted plaintiff-deponent, resulting in plaintiff being diagnosed with PTSD); *Doe v. Lynn Univ., Inc.*, No. 9:16-CV-80850, 2017 WL 275448, at *4 (S.D. Fla. Jan. 19, 2017) (affirming exclusion of plaintiff from deposition of witness "to spare [witness] the prospect of sitting face to face with her alleged rapist in an attempt to mitigate some of her anxiety"); *Wesselmann v. Tyson Foods, Inc.*, No. 15-CV-4247-LTS, 2016 WL 6986683, at *1-2 (N.D. Iowa Nov. 28, 2016) (finding good

cause to exclude plaintiff based on deponent's fear of him arising from her claim that he had previously assaulted her).[1]

The Court finds these authorities to be persuasive and to support Austin's request to limit Sweeney's participation at Austin's deposition. In most of these cases, the affected litigant was prohibited only from attending the deposition in person. The litigant remained able to participate in the deposition via a live video or audio feed and to consult with counsel throughout the deposition. *See Powell*, Dkt. No. 59 at 3-4; *Ameduri*, 2012 WL 13172920 at *4; *Creditsights*, 2009 WL 3817288, at *2; *Doe*, 2017 WL 275448, at *4; *Wesselmann*, 2016 WL 6986683, at *3. Austin does not object to Sweeney's participating in the deposition in the manner described in these cases. (*See* Dkt. No. 60 at 3).

Sweeney argues—correctly—that he has legitimate interests in "observ[ing] Plaintiff's demeanor" during the deposition and "assist[ing] his counsel in defending against" Plaintiff's allegations. (Dkt. No. 62 at 2). But as the cases cited above find, those legitimate interests are adequately protected by allowing Sweeney to observe the deposition and consult with his counsel in real time during the deposition. *See, e.g.*, *Powell*, Dkt. No. 59 at 2-3 (finding that defendants' interest was "'adequately advanced without [them] being physically present'" through their ability to

---

[1] *See also Esebag v. Whaley*, No. CV 18-08446 R (RAG), 2019 WL 8013118, at *3 (C.D. Cal. Sept. 9, 2019) (noting that "protective orders excluding parties from depositions have been granted where there is evidence of potential harm to a deponent's mental health if a party is present at the deposition, or where there was physical contact or multiple threatening encounters between the deponent and the party," although finding that a protective order was not warranted under the facts of the case).

"communicate with their counsel during breaks and take other measures to prepare for the deposition") (quoting *Wesselmann*, 2016 WL 6986683, at *3); *see also Harris v. City of Phoenix*, No. CV-20-00078-PHX-DLR, 2021 WL 5908209, at *2 (D. Ariz. Dec. 13, 2021) (approving protective order that allows the excluded party "to attend the deposition virtually, enabling him to see and hear the deposition as if he were physically present," while "removing the opportunity for any potential intimidation, annoyance, disruption, or distraction").

     The Court notes that, in some of these cases, the deponent moving for a protective order presented affidavits from his or her treating psychiatrist or other medical professionals attesting to the potential adverse impact on the deponent's mental state if the other party were allowed to be in the room during the deposition. *See, e.g.*, *Ameduri*, 2012 WL 13172920 at *3; *Garey*, 2023 WL 11065857, at *2; *Doe*, 2017 WL 275448, at *4. By contrast, Austin has presented no such medical evidence in support of his motion, despite the fact that when this Court partially rejected his request for attorneys' eyes only protection for his medical records, it highlighted his failure to submit any factual support to substantiate his claims about the harm that would befall him if Sweeney were allowed to see these records. (Dkt. No. 46 at 14).

     Nevertheless, the Court does not view this omission as fatal to Austin's motion. Whereas an attorney's eyes only designation would have entirely prevented Sweeney from viewing the records in question, Sweeney will still be able to observe and participate in Austin's deposition under the conditions outlined herein. Nor

does the Court agree with Sweeney's argument that Austin fails to distinguish this case from the *Powell* cased cited above because Austin has not "made any affirmative representation to even suggest that Plaintiff fears Mr. Sweeney, or that his presence would inhibit Plaintiff's ability to testify." (Dkt. No. 62 at 2). In fact, Austin makes these precise representations in his motion (Dkt. No. 60 at 3), and as noted above, the Amended Complaint contains detailed allegations about Sweeney's alleged assaults and Austin's claims to suffer from PTSD, suicidal ideations, and other emotional disturbances as a result of those assaults.[2] No supporting affidavits were submitted in support of the similar motion made by the plaintiff in the *Powell* case, yet Judge Bulsara found that counsel's representations and the detailed allegations in the complaint were "sufficient to demonstrate the need for a protective order." *Powell*, Dkt. No. 59 at 2.

Sweeney also argues that Austin's motion invites the Court to "'improperly wade into the merits of the case,'" in effect crediting Austin's allegations that Sweeney violently raped him over Sweeney's vehement denials of those allegations. (Dkt. No. 62 at 2 (quoting *Sincavage v. Schott N. Am.*, No. 3:18-CV-01231, 2019 WL 6280314, at *2 (M.D. Pa. May 30, 2019)).[3] Not so. In issuing a protective order, the

---

[2] Sweeney does not, in his letter opposing Austin's motion, challenge Austin's claims to suffer from these conditions. (*See* Dkt. No. 62).

[3] In declining to issue a protective order, the *Sincavage* court also reasoned that the characteristics of a deposition presented "the same exact circumstances" plaintiff would later confront at trial, where defendant would be entitled to be present under Fed. R. Civ. P. 615(a). 2019 WL 6280314, at *2. In the undersigned's experience, however, depositions are typically conducted in conference rooms in much closer quarters than those of a federal courtroom. The circumstances of a deposition thus present a significantly higher risk that a witness could be intimidated or inhibited by a party's presence.

8

Court makes no finding whatsoever as to the credibility or accuracy of Austin's allegations. The sole question is whether Austin has established good cause for the protective order under Rule 26(c). Balancing the competing interests of the parties, the Court finds that good cause exists on the record before it.

Accordingly, the Court **GRANTS** Austin's motion for a protective order preventing Sweeney from attending Austin's deposition in person. However, Sweeney may be present in the same location where the deposition is taken (but in a different office) and permitted to see and hear the deposition in real time via a one-way remote video feed. Sweeney's counsel may consult with his client during normal breaks in the testimony and may also leave the deposition room when he deems it necessary to consult with his client during the deposition. The time taken up by those recesses shall not be charged against the seven-hour limit set forth in Fed. R. Civ. P. 30(d)(1) (or such other period as the parties may have agreed Sweeney's counsel will have to depose Austin).

**SO ORDERED**.

DATED:   New York, New York
         June 25, 2024

                                                                                    _____
                                                                                    GARY STEIN
                                                                                    United States Magistrate Judge